# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

| | | |
|---|---|---|
| DEVANTE FUTRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| | ) | |
| BLANTON'S AIR, PLUMBING | ) | |
| & ELECTRIC, LLC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DEVANTE FUTRELL ("Plaintiff" or "Futrell"), files his Complaint against the Defendant, BLANTON'S AIR, PLUMBING & ELECTRIC, LLC ("Defendant" or "BAPE"), and states the following:

### NATURE OF THE CLAIMS

1.      This is an action for monetary damages and injunctive relief, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter "ADA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful interference with Plaintiff's rights under the FMLA, intentional and systematic discrimination based on Plaintiff's disability, lawful exercise of his rights under the FMLA, in retaliation for Plaintiff's protected requests, and Defendant's unlawful discrimination and retaliation against Plaintiff because of his race, leading to his unlawful termination.

1

## JURISDICTION AND VENUE

2.　　　This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA, the ADA, and Title VII.

3.　　　Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4.　　　Plaintiff, Futrell, is a citizen of the United States was at all times material, a resident of the State of North Carolina.

5.　　　Defendant, BAPE, is a For-Profit Corporation operating within this district at its 4514 Bragg Boulevard, Fayetteville, North Carolina 28303 location.

6.　　　Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7.　　　Plaintiff has complied with all statutory prerequisites to filing this action.

8.　　　On June 5, 2023, Plaintiff filed a timely  claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b)and (e), based on disability and race discrimination and retaliation.

2

9. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

10. On October 31, 2023 the EEOC issued a Notice of Right to Sue.

11. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12. Plaintiff is an African American male with a disability

13. Plaintiff was employed by Defendant on or about June 16, 2020.

14. At the time of his termination, Plaintiff held the position of Electrician, in a full-time position working an excess of 40 hours a week.

15. During Plaintiff's tenure with Defendant, Plaintiff was one of the only African American employees, and management was entirely Caucasian.

16. Similarly situated Caucasian employees were given preferential treatment for advancement opportunities and were generally treated with more respect than Plaintiff was.

17. In the summer 2021, Justin Schwartz, Supervisor for Defendant, stated to Plaintiff, "We're going to hire another black electrician so you're not the token black electrician anymore."

18. Plaintiff complained about the comment to Steve Seitz, Manager for Defendant, who told Plaintiff that they needed to find a way to "bury the hatchet" or else Mr. Seitz would have to terminate "at least one" of them.

19. Plaintiff then complained to Zachary Tomblin, Vice President for Defendant, and Will Blanton, Owner for Defendant, who asked Plaintiff what he wanted them to do about it.

20. In November 2021, Plaintiff complained to Mr. Blanton about Mr. Schwartz continuing to make racist statements, but no action was taken.

3

21.     In early March 2023, while Plaintiff was working at a client's residence, the client told Plaintiff, "You're my nigger," and "Please don't nigger-rig my shit because my wife will be mad."

22.     These statements were witnessed by other coworkers.

23.     Plaintiff complained about the racist treatment to Mr. Schwartz, and other members of management, who laughed at Plaintiff's experience and stated, "Oh, you know things happen."

24.     Plaintiff then reported the incident to Darlene Mendoza, Dispatcher for Defendant.

25.     Ms. Mendoza replied, "Well, are you a nigger?"

26.     Plaintiff made his opposition to the use of that word clear, but Ms. Mendoza told Plaintiff she was trying to calm Plaintiff down.

27.     In October 2022, Plaintiff's infant child passed away suddenly, as Defendant is aware.

28.     The grief caused by the sudden passing of Plaintiff's child created a mental health condition.

29.     Plaintiff's disability substantially limited one or more of his major life activities and constitutes a disability under applicable law.

30.     Plaintiff was able to perform essential job functions.

31.     On or about October 27, 2022, Plaintiff informed Mr. Schwartz of his condition.

32.     In early 2023, Plaintiff informed Defendant's HR Department and requested reasonable accommodations and inquired into FMLA leave.

33.     During Plaintiff's employment, Plaintiff became aware of multiple coworkers who were disciplined for raising concerns with racial discrimination in the workplace or for seeking approval to take FMLA leave.

4

34. Shortly after Plaintiff complained about the racial discrimination from Defendant's client and Defendant's management team, Plaintiff was terminated in retaliation under pretext without Defendant following its typical progressive discipline process.

35. The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

36. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

37. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

38. Plaintiff has been damaged by Defendant's illegal conduct.

39. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Race Based Discrimination in Violation of Title VII

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39, above.

41. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his race, African American.

42. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

43. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his race with regard to discharge, employee compensation, and other terms, conditions,

5

and privileges of employment.

44. Defendant violated Title VII by discharging and discriminating against Plaintiff based on his race.

45. Defendant intentionally discriminated against Plaintiff on the basis of his race.

46. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

47. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II: Retaliation in Violation of Title VII

48. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39, above.

49. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

50. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

51. Defendant's conduct violated Title VII.

52. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

53. Defendant's actions have caused Plaintiff to suffer mental and emotional distress,

6

entitling him to compensatory damages.

54.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count III: Unlawful Race Based Discrimination in Violation of Section 1981

55.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

56.     Defendant discriminated against Plaintiff in violation of Section 1981.

57.     Based on the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as non-Black employees.

58.     As a result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Plaintiff to equitable monetary relief.

59.     Plaintiff has also suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of Defendant's actions, thereby entitling Plaintiff to compensatory damages.

60.     Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to an award of punitive damages.

### Count IV: Retaliation in Violation of Section 1981

61.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-39 above.

62.     Plaintiff engaged in protected activity under Section 1981 while employed by Defendant.

63.     Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

7

64. Defendant's conduct violated Section 1981.

65. Defendant's discriminatory conduct, in violation of Section 1981, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

66. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

67. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## Count V: Interference in Violation of the FMLA

68. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39, above.

69. Plaintiff was an employee eligible for protected leave under the FMLA.

70. Defendant is and was an employer as defined by the FMLA.

71. Plaintiff exercised or attempted to exercise his rights under the FMLA.

72. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

73. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

74. Plaintiff was injured due to Defendant's willful violations of the FMLA and he is entitled to legal relief.

## Count VI: Retaliation in Violation of the FMLA

75. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39, above.

76. Plaintiff was an employee eligible for protected leave under the FMLA.

77. Defendant is and was an employer as defined by the FMLA.

78. Plaintiff exercised or attempted to exercise his rights under the FMLA. Defendant

retaliated against Plaintiff for exercising or attempting to exercise his FMLA rights.

79. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

80. Plaintiff was injured due to Defendant's willful violations of the FMLA and he is entitled to legal relief.

## <u>Count VII: Disability Discrimination under the ADA</u>

81. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39, above.

82. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

83. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

84. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

85. Plaintiff was able to perform the essential functions of his job at the time of his termination.

86. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

87. Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to disparate and discriminatory treatment throughout his employment based on his disability, thereby resulting in Plaintiff's unlawful termination.

88. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost

9

benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

89. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**<u>Count VIII: Failure to Accommodate in Violation of the ADA</u>**

90. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39, above.

91. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

92. Plaintiff was able to perform the essential functions of his job at the time of his termination.

93. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

94. Defendant is required under the ADA to engage in the interactive process and provide reasonable accommodations for Claimant's disability.

95. Defendant failed to reasonably accommodate Plaintiff or engage in the interactive process.

96. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

97. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

98. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count IX: Retaliation in Violation of the ADA

99. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39, above.

100. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

101. At all times relevant to this action, Plaintiff was a qualified employee within a disability under the ADA.

102. Defendant intentionally retaliated against Plaintiff based on his request for reasonable accommodations and use of protected medical leave pursuant to his disability.

103. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

104. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

11

a)      Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b)      Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c)      Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
North Carolina Bar No. 54125
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com
*Counsel for Plaintiff*

12