IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-739

DEVANTE FUTRELL,                    )
                    Plaintiff,      )
                                    )
        v.                          )                 O R D E R
                                    )
BLANTON'S AIR, PLUMBING             )
& ELECTRIC, LLC,                    )
                                    )
                    Defendant.      )

This matter is before the Court on defendant Blanton's Air, Plumbing & Electric. LLC's motion to dismiss plaintiff Devante Futrell's complaint. [DE 1, 9]. Plaintiff has responded in opposition and defendant has replied. [DE 12, 15]. The matter is now ripe for ruling. For the reasons discussed herein, defendant's motion to dismiss plaintiff's complaint is granted, in part, and denied, in part.

BACKGROUND

The Court derives the following statement of facts from plaintiff's complaint. [DE 1]. On or around June 16, 2020, plaintiff, an African American male, began working for defendant. [DE 1 at 3]. During his tenure, plaintiff clocked roughly 40 hours per week and held various roles, including that of an Electrician. [DE 1 at 3]. Plaintiff explained that he was one of the few African American employees for defendant employed, and that "management was entirely Caucasian." [DE 1 at 3].

Plaintiff's allegations stem from three separate incidents. [DE 1]. The first incident occurred in summer 2021 when another one of defendant's employees, Justin Schwartz, informed plaintiff that defendant was "going to hire another black electrician" so that plaintiff would not be "the token black electrician anymore." [DE 1 at 3]. Plaintiff alleges that he reported

this behavior to one of defendant's managers, Mr. Seitz, who told plaintiff to "bury the hatchet." [DE 1 at 3]. Plaintiff alleges that he continued to report Mr. Schwartz's behavior to defendant through November 2021, but that defendant did not take any action on the matter. [DE 1 at 3].

The second incident occurred between October 2022 and early 2023. [DE 1]. In October 2022, plaintiff's infant child passed away causing plaintiff to suffer a mental health condition that "substantially limited one or more of his major life activities." [DE 1 at 4]. A few months later, plaintiff inquired about his rights under the Family Medical and Leave Act (FMLA). [DE 1 at 4-5]. While plaintiff did not explicitly assert whether he made a formal request for FMLA leave, plaintiff explained that he became aware of other coworkers "who were disciplined for . . . seeking approval to take FMLA leave." [DE 1 at 4].

The final incident occurred in early 2023. [DE 1 at 3-4]. During that time, plaintiff was working at a client's residence when the client made racial slurs towards defendant. [DE 1 at 4]. Plaintiff allegedly reported the client's comments to fellow employees, including a manager, Mr. Schwartz, and a dispatcher, Ms. Mendoza. [DE 1 at 4]. Despite these complaints, plaintiff alleges that defendant did not provide a resolution. [DE 1 at 4]. Further, plaintiff contends that he was "aware of multiple coworkers who were disciplined for raising concerns [of] racial discrimination." [DE 1 at 4]. Defendant terminated plaintiff a few months later. [DE 1 at 3-4].

In June 2023, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging violations of Title VII and 42 U.S.C. § 1981 (Section 1981), the FMLA, and the American with Disabilities Act (ADA). [DE 1]. The EEOC issued plaintiff his notice of right to sue in October 2023. [DE 1, 10].

On December 22, 2023, plaintiff instituted the instant action by filing a complaint with this Court. [DE 1 at 2]. In his complaint, plaintiff alleges race-based discrimination in violation

2

of Title VII and Section 1981 (counts one and three), retaliation in violation of Title VII and Section 1981 (counts two and four), interference and retaliation in violation of the FMLA (counts five and six), and discrimination, retaliation, and interference in violation of the ADA (counts seven, eight, and nine). [DE 1]. On February 20, 2024, defendant filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule 12(b)(6) motion). [DE 9, 10]. Defendant argues that plaintiff's complaint does not satisfy the pleading standard laid out via *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2002), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). [DE 9, 10]. Specifically, defendant contends that plaintiff's factual allegations fail to support the claims he asserts. [DE 9, 10]. Plaintiff responded in opposition, and defendant replied. [DE 12, 15]. For the reasons discussed herein, the Court grants defendant's Rule 12(b)(6) motion in part and denies it in part.

## DISCUSSION

A Rule 12(b)(6) motion examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). A plaintiff's complaint will survive a Rule 12(b)(6) motion if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Importantly, a claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demonstrates "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Put differently, the factual allegations must be sufficient to "raise a right to relief above the speculative level" so as to "nudge[ ] the[ ] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

3

When acting on a Rule 12(b)(6) motion, "the [C]ourt should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). The Court need not, however, "'accept the plaintiff's legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)) (alterations in original). As such, a pleading that provides nothing beyond a "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. Nor will a complaint that submits mere "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.

I.     The Court Grants Defendant's Rule 12(b)(6) Motion With Respect To Counts One, Three, Seven, Eight, And Nine Of Plaintiff's Complaint.

     *a. Counts One and Three*

Plaintiff alleges a Title VII race-based discrimination claim in count one, and a Section 1981 race-based discrimination claim in count three.[1] [DE 1]. To successfully plead such claims, plaintiff must show "(1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action . . .; and (4) that similarly-situated employees outside the protected class received more favorable treatment." *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004). And although plaintiff need not establish a *prima facie* case at this stage in the proceedings, the Court does "look to the requirements of a *prima facie* case as a guide in

---

[1] Because "[t]he required elements of a *prima facie* case of employment discrimination are the same under Title VII and Section 1981," the Court will address counts one and three together. *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 133 n. 7 (4th Cir. 2002) (citing *Gairola v. Commonwealth of Va. Dept. of Gen. Servs.*, 753 F.2d 1281, 1285 (4th Cir.1985)).

4

assessing the plausibility of [plaintiff's] claim for relief." *Craft v. Fairfax Cty. Gov't*, Case No. 1:16-cv-862016 WL 1643433, at *4 (E.D. Va. Apr. 26, 2016) (citations omitted). Indeed, even at the motion to dismiss stage, a plaintiff's conclusory allegation that he was terminated because of his race is insufficient to satisfy the *prima face* elements of a race-based discrimination claim under Title VII and Section 1981. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010).

Before this Court, plaintiff's complaint is missing critical factual conduct in support of his Title VII and Section 1981 race-based claims. [DE 1]. Specifically, plaintiff's complaint is void of facts to prove that plaintiff exhibited a "sufficient job performance" at the time defendant terminated plaintiff. Importantly, sufficient job performance is a dispositive element for race-based discrimination claims under Title VII and Section 1981. *White*, 375 F.3d at 295. To be certain, the only performance related statement plaintiff alleges is that he worked for defendant for multiple years, but such a bare statement is insufficient to support satisfactory job performance. *See Iqbal*, 556 U.S. 662 (2009); *Twombly* 550 U.S. 544 (2007). *See also Kikwebati v. Strayer Univ. Corp.*, No. 2:14-CV-203, 2014 WL 7692396. at *8 (E.D. Va. Oct. 21, 2014) (an employee's "record of success" and "superior performance" would have, on its own, been insufficient to prove satisfactory job performance); *see also Mason v. Montgomery Cty.*, No. PWG-13-1077, 2015 WL 3891808, at *5 (D. Md. June 23, 2015) (holding that plaintiff failed to allege sufficient facts showing that "he was performing [his] job duties at a level that met [his] employer's legitimate expectations at the time of the adverse employment action.").

Further, plaintiff failed to develop another dispositive element of his Title VII and Section 1981 claims: how "similarly-situated employees outside the protected class received more favorable treatment." *White*, 375 F.3d 295; *see also Bryant*, 288 F.3d at 133 n. 7. While

5

plaintiff makes a blanket assertion that Caucasian employees received more favorable treatment, he does not present any specific comparators in support of his claim. [DE 1]. The Court is, again, mindful that plaintiff need not establish his *prima facie* case at the motion to dismiss stage. . . ." *Craft*, 2016 WL 1643433, at *4. Nonetheless, the Court reiterates that it does "look to the requirements of a *prima facie* case as a guide in assessing the plausibility of [plaintiff's] claim for relief." *Id.* (citations omitted). And where, as here, a plaintiff's race-based discrimination claims are based "completely upon a comparison to an employee from a non-protected class, . . . the validity of" such claims hinges "upon whether that comparator is indeed similarly situated." *Haywood v. Locke*, 387 Fed. App'x 355. 359 (4th Cir. 2010).

In sum, plaintiff's factual allegations proffered in support of his Section 1981 and Title VII race-based discrimination claims fail to "nudge[ ] the[ ] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 680. Consequently, the Court will grant defendant's Rule 12(b)(6) motion as to counts one and three of plaintiff's complaint.

### a. Counts Seven, Eight, and Nine

There are three types of claims under the ADA: disability discrimination, failure to accommodate, and retaliation. 42 U.S.C. § 12101 *et seq*. First, the ADA prohibits disability discrimination or disparate treatment such that employers cannot "discriminate against a qualified individual on the basis of disability[.]" 42 U.S.C. § 12112 (a). Second, employers cannot refuse "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." with certain exceptions. 42 U.S.C. § 12112(b)(5)(A). Finally, an employer cannot "discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such

6

individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

In count seven of his complaint, plaintiff asserts an ADA discrimination claim. [DE 1]. To state a *prima facie* claim of disability discrimination under the ADA, an individual must show that: (i) he was a qualified individual with a disability under the ADA; (ii) he suffered an adverse employment action; (iii) his performance at the time met the legitimate expectations of his employer; and (iv) the adverse employment action occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Pickering v. Va. State Police*, 59 F.Supp.3d 742, 748 (E.D. Va. 2014). A qualified individual is someone "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

At step one, the Court concludes that plaintiff's complaint does not allege facts to support the conclusion that plaintiff is a qualified individual as defined under 42 U.S.C. § 12111(8). Additionally, plaintiff has failed to allege that plaintiff was satisfying his defendant's legitimate expectations when defendant terminated him. *Pickering*, 59 F.Supp.3d at 748. Although plaintiff alleges that he could perform the "essential functions of his job." [DE 1 at 9], plaintiff does not further discuss what tasks his specific job entailed, or how he accomplished those tasks without a reasonable accommodation. *Chisholm v. Mountaire Farms of N. Carolina Corp.*, 629 F.Supp.3d 368, 375 (M.D.N.C. 2022) (dismissing an ADA discrimination complaint where the plaintiff failed to articulate a factual basis for whether he was a qualified individual who could perform the essential functions of his job). Consequently, because plaintiff's "formulaic recitation" of the necessary elements "are no more than conclusions," they do not suffice to support his claims. *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th

7

Cir. 2015) (internal quotations omitted). As such, this Court will grant defendant's 12(b)(6) motion as it pertains to count seven.

        *a. Count Eight*

Count eight of plaintiff's complaint contains an ADA failure to accommodate claim. [DE 1]. A claim for failure to accommodate under the ADA requires the claimant demonstrate: "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . .; and (4) that the [employer] refused to make such accommodations." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir 2013) (quotations omitted).

Critically, here, plaintiff's complaint does not address what – if any – reasonable accommodations might have enabled him to perform the essential functions of the job of an Electrician. [DE 1]. Further, plaintiff does not allege how he would have performed the essential functions of his job with or without such accommodations. [DE 1]. Because plaintiff's has not alleged that he could perform the essential functions of the position with or without reasonable accommodations, the Court will grant defendant's Rule 12(b)(6) dismissal motion with respect to count eight.

        *a. Count Nine*

Count nine of plaintiff's complaint contains an ADA retaliation claim. [DE 1]. To establish an ADA retaliation claim, "a plaintiff must show that: (1) []he engaged in a protected activity; (2) h[is] employer acted adversely against h[im]; and (3) h[is] protected activity was causally connected to h[is] employer's adverse action." *Rhoads v. F.D.I.C.*, 257 F.3d 373, 392 (4th Cir. 2001). Notably, a request under the FMLA does not constitute a protected activity under

8

the ADA. *See, e.g., Acker v. Gen. Motors, LLC*, 853 F.3d 784, 791-92 (5th Cir. 2017) (explaining "why requesting FMLA leave alone is not a request for an ADA reasonable accommodation"); *Sowers v. Bassett Furniture Indus., Inc.*, No. 4:19-cv-00039, 2021 U.S. Dist. LEXIS 15395, at *20 n.7 (W.D. Va. Jan. 27, 2021) (same).

Before this Court, plaintiff claims that he sought a reasonable accommodation via his inquiry to FMLA leave. [DE 1]. However, absent further factual support, plaintiff is asking this Court to accept the "naked assertion" that his FMLA inquiry doubles as an ADA reasonable accommodation claim – an assertion that is not supported by persuasive or precedential authority. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557; *Philips*, 572 F.3d at 180. In fact, the Court's own review of existing caselaw supports the opposite conclusion. *See Acker*, 853 F.3d at 791-92; *Sowers*, 2021 U.S. Dist. LEXIS 15395, at *20 n.7. Because plaintiff's factual allegations are insufficient to state an ADA retaliation claim, the Court will grant defendants' Rule 12(b)(6) motion with respect to count nine.

II.     The Court Denies Defendant's Rule 12(b)(6) Motion, In Part, With Respect To Counts Two, Four, Five, and Six.

a.   *Counts Two and Four*

In counts two and four, plaintiff pleads Title VII and Section 1981 retaliation claims.[2] [DE 1]. To establish a Title VII or Section 1981 retaliation claim, a plaintiff must demonstrate that "(1) he engaged in a protected activity; (2) his employer took adverse action against him, and (3) a causal relationship existed between the two events." *Ofoche v. Apogee Med. Grp., Virginia, P.C.*, 815 Fed. App'x 690, 693 (4th Cir. 2020). "[T]he passage of time alone cannot provide proof of causation unless the 'temporal proximity between an employer's knowledge of

---

[2] Because "[i]t is well-settled that the elements that plaintiffs must satisfy to state a *prima facie* case of retaliation under [Section] 1981 equal the elements of a *prima facie* case of retaliation under Title VII," the Court will address plaintiff's retaliation claims concurrently. *See Jenkins v. Gaylord Ent. Co.*, 840 F.Supp.2d 873, 880 (D. Md. 2012).

9

protected activity and an adverse employment action' was 'very close.'" *Pascual v. Lowe's Home Centers, Inc.*, 193 Fed. App'x 229, 233 (4th Cir. 2006) (quotations omitted). *See Perry v. Kappos*, 489 Fed. App'x 637, 643 (4th Cir. 2012) ("a three-month lapse is too long to establish causation, without more").

In his complaint, plaintiff points to two racial statements made in 2021 and another made in early 2023. [DE 1]. Plaintiff further alleges that after each event, he reported the racial statements to his employer. [DE 1]. Finally, plaintiff alleges that the adverse action (defendant's termination of plaintiff) occurred in early 2023. [DE 1]. Based on the facts presented, the Court finds that at this stage of the proceedings, plaintiff's complaint sufficiently states a claim. *Craft*, 2016 WL 1643433, at *4 (citing *Coleman*, 626 F.3d at 190). As such, the Court will deny defendant's Rule 12(b)(6) motion with respect to counts two and four of plaintiff's complaint.

> b. *Count Five*

Count five of plaintiff's complaint contains an FMLA interference claim. [DE 1]. The FMLA prohibits an employer from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1). While express denial of one's FMLA rights certainly constitutes interference, "[a]n employer's conduct may [also] constitute interference . . . if it would have a chilling effect and would discourage employees from exercising their FMLA rights." *Snipes v. Sw. Virginia Reg'l Jail Auth.*, 350 F.Supp.3d 489, 493 (W.D. Va. 2018).

Here, plaintiff contends that he inquired about his FMLA rights early 2023. [DE 1]. Plaintiff further alleges that he was discouraged from exercising his FMLA rights after learning that defendant negatively treated employees who had exercised their FMLA rights. [DE 1]. At this stage of the proceedings, the Court concludes that plaintiff's factual allegations sufficiently

10

support his FMLA interference claim. [DE 1]. Therefore, the Court will deny defendant's Rule 12(b)(6) motion as to count five of plaintiff's complaint.

      *c.   Count Six*

Count six of plaintiff's complaint contains an FMLA discrimination claim. [DE 1]. The FMLA makes it unlawful for any employer to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]." 29 U.S.C. § 2615(a)(2). To plead an FMLA discrimination claim, plaintiff must allege that their employer discharged or discriminated against them because they exercised their FMLA rights. *Id.* Importantly, a close temporal relationship between the plaintiff exercising their FMLA rights and the adverse action is sufficient to establish causality at the motion to dismiss stage. *See, e.g., Laing v. Fed. Express Corp.*, 703 F.3d 713, 720 (4th Cir. 2013) (close temporal relationship . . . was sufficient to establish a *prima facie* case of causality at the motions stage).

In his complaint, plaintiff alleges that his son passed away in late 2022, and that plaintiff inquired about his FMLA rights in early 2023. [DE 1]. Plaintiff further contends that defendant terminated him thereafter. [DE 1]. Per plaintiff's complaint, both plaintiff's FMLA inquiry and his termination occurred in early 2023. [DE 1]. Based on plaintiff's factual allegations, the Court concludes that count six of plaintiff's complaint is sufficient to survive defendant's Rule 12(b)(6) motion. As a result, the Court will deny defendant's Rule 12(b)(6) motion with respect to count six.

11

## CONCLUSION

For these reasons discussed herein, defendant's Rule 12(b)(6) motion [DE 9] is GRANTED as to counts one, three, seven, eight, and nine of plaintiff's complaint, and DENIED as to counts two, four, five, and six of plaintiff's complaint.

SO ORDERED, this _15_ day of *August*, 2024.

_Terence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

12