IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-739-BO-RJ

| | |
|---|---|
| DEVANTE FUTRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| BLANTON'S AIR, PLUMBING & ELECTRIC, LLC, | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court following the failure of plaintiff to comply with the Court's order of April 2, 2025. Plaintiff's counsel was permitted to withdraw, and plaintiff was afforded twenty-one days within which to either notify the Court that he intends to proceed *pro se* or cause new counsel to appear. Plaintiff was warned that failure to comply with the Court's order could result in dismissal of this action for failure to prosecute. [DE 34].

Plaintiff has failed to comply with the Court's order, and the time for doing so has expired. The Court's order was, however, returned as undeliverable after being mailed to the address provided by plaintiff's former counsel as plaintiff's last known address. [DE 35]. Plaintiff's counsel was permitted to withdraw upon showing that plaintiff had failed to communicate with counsel and cooperate in this litigation. *See* [DE 24].

Here, plaintiff bears personal responsibility for failing to communicate with his counsel such that counsel felt compelled to seek to withdraw and for otherwise failing to prosecute his claims. *See Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991); *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Plaintiff's counsel provided written notice to plaintiff that counsel intended to

withdraw in December 2024 and plaintiff has failed to appear *pro se*, cause new counsel to appear, or file any document with the Clerk. The Court has filed an order warning plaintiff that failure to appear could result in sanctions, to include dismissal. Though this document was unable to be delivered to plaintiff, it is a publicly available document on the Court's electronic filing system.

In sum, plaintiff was notified by his counsel in December 2024 that his counsel would be moving to withdraw. Plaintiff has taken no steps since that time to prosecute his claims. The Court lacks an address at which to serve plaintiff. Notice that this action may be dismissed for failure to prosecute has been available on the public docket since April 2, 2025. Accordingly, the Court determines that dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b) is appropriate.

## CONCLUSION

This action is hereby DISMISSED with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). All other pending motions [DE 25; DE 27; DE 29; DE 32] are DENIED as moot. The Clerk is DIRECTED to close this case. Service of this order on plaintiff should be made at his last known address.

SO ORDERED. This __7__ day of May 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE